UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

L.R.1 and A.R., individually and on
behalf of L.R.,

                    Plaintiffs,                Case # 20 CV 10505
                                                      (LGS)

    v.

NEW YORK CITY DEPARTMENT OF EDUCATION and
RICHARD A. CARRANZA, in his official capacity as
Chancellor of the New York City Department of Education,

                    Defendants.
------------------------------------------------------------X

**ORDER OF PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER ~~(PROPOSED)~~**

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Court has reviewed (i) the affidavit of A.R., dated February 19, 2021, (ii) the declaration of Michele Kule-Korgood, dated February 19, 2021, and the exhibits annexed thereto, (iii) the Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, (iv) the declaration of Tom Beam and the exhibits annexed thereto, (v) the Memorandum of Law in Opposition to Plaintiff's Emergency Motion for Injunctive Relief, (vi) the Affidavit of Nick Berens, (vii) the Reply Memorandum In Further Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, and considered the arguments set forth by the parties on the record during the March 11, 2021 hearing and conference; and

      WHEREAS, the Court finds that Plaintiffs have satisfied the requirements for issuance of a Preliminary Injunction in that they have shown: a likelihood of success on the merits, given Defendants' failure to comply with the Findings of Fact and Decision dated October 15, 2020 and October 21, 2020; irreparable harm to L.R. by virtue of her not receiving an

education at this time; that the balance of hardships clearly tips in favor of Plaintiffs since L.R. is not being educated at this time; and that the public interest would not be disserved by the issuance of a Preliminary Injunction and Temporary Restraining Order, given Defendants' obligation to comply with the Findings of Fact and Decision (*see Ventura de Paolino v. New York City Dep't of Educ.*, 959 F.3d 519, 529 (2d Cir. 2020); and

WHEREAS, the Court finds that a Preliminary Injunction and Temporary Restraining Order ordering Defendants to provide immediate funding for the 1500 hours of Compensatory Education Services ordered in the October 15, 2020 and October 21, 2020 Findings of Fact and Decision is warranted; and

WHEREAS, the Court finds that Plaintiffs seek immediate vindication of their undisputed rights to pendency funding via preliminary injunction; and

WHEREAS, the Court finds that Plaintiffs filed a due process complaint on October 19, 2020, and invoked L.R.'s right to remain in her last agreed upon placement, Fit Learning, as of that date; and

WHEREAS, the Court finds that the stay-put provision of the IDEA typically operates as an "automatic injunction" foreclosing consideration of irreparable harm and the other factors of the traditional preliminary injunction inquiry (*see Araujo v. New York City Dep't of Educ.*, No. 20-CV-7032, 2020 WL 5701828, *2 (S.D.N.Y. Sept. 24, 2020); and

WHEREAS, Defendants do not dispute that Fit Learning is L.R.'s pendency placement; and

WHEREAS, the Court finds that a Preliminary Injunction and Temporary Restraining Order granting pendency funding is warranted; it is hereby:

**ORDERED**, that sufficient reason having been shown on Plaintiffs' application for a

Preliminary Injunction and Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants are required to do the following by **March 18, 2021** ~~within three days of this Order~~: (i) provide prospective payment to Fit Learning for 1500 hours of compensatory education services as indicated in the Findings of Fact and Decision dated October 15, 2020 and October 21, 2020; (ii) provide prospective pendency funding for L.R.'s placement at Fit Learning pursuant to 20 U.S.C. 1415(j), including tuition and the cost of any assessments necessary for L.R.'s instruction, pending the conclusion of these proceedings; and it is further

  **ORDERED** that Plaintiffs shall not be required to post security in this matter.

So Ordered.

Dated: March 12, 2021
   New York, New York

              LORNA G. SCHOFIELD
              **UNITED STATES DISTRICT JUDGE**

_____
LORNA G. SCHOFIELD,
United States District Judge